**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**REVERAND DR. GERALD KINER**,

*Plaintiff*,

v. Case No. 2:25-cv-02963-BCL-atc

**SHELBY COUNTY GOVERNMENT,
JAMES GLOSTER, JOHN DOES 1-10**,

*Defendants*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation, entered August 5, 2026.[1] Doc. 49. The Report recommends that Defendants' Motion to Dismiss (Doc. 32) be granted and the case dismissed. Doc. 49 at 11. It also recommends denial of Plaintiff Gerald Kiner's motions for injunctive relief (Docs. 11, 14). Doc. 49 at 11. Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. Doc. 50. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 50) and **ADOPTS** the Report and Recommendation. Doc. 49. Therefore, Defendants' Motion to Dismiss (Doc. 32) is **GRANTED** and this case is **DISMISSED**.[2]

---

[1] The case was originally assigned to Judge Thomas L. Parker. Doc. 1. Judge Parker transferred the case to the undersigned in March 2026. Doc. 47.

[2] In addition to this lawsuit, Plaintiff has filed multiple frivolous lawsuits in this District. As a result, he is subject to prefiling restrictions, as Magistrate Judge Christoff noted. *See Kiner v. Shelby Cnty. Gov't*, No. 2:25-cv-02435-SHL-atc, Doc. 51 (W.D. Tenn. Mar. 10, 2026) ("Plaintiff Gerald Kiner is BARRED from bringing new actions before this Court unless he obtains a certification from either (1) a magistrate judge from this District or (2) an attorney who is a member of this Court's bar, that his claims are not frivolous, and are not brought for an improper purpose."). But, as Magistrate Judge Christoff also noted, those prefiling restrictions were imposed after Plaintiff filed this case.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## ANALYSIS

Plaintiff does not object to the Magistrate Judge's proposed findings of facts. The Court therefore accepts those facts as a given in addressing Plaintiff's objections. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).

Plaintiff raises four objections to Magistrate Judge Christoff's Report and Recommendation that Defendants' Motion to Dismiss should be granted. Doc. 50. Each of those objections is addressed below, but the bottom line is that the Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections, and finds no error in the Magistrate Judge's analysis or conclusions.

**1.** Plaintiff first objects that the Magistrate Judge "acknowledges Plaintiff's allegations of concrete personal injury"—loss of income, reputational damage, and mental and emotional distress—but then "erroneously treats those alleged injuries as categorically derivative" of injuries to the Daughters of Zion in concluding that Plaintiff lacks Article III standing. Doc. 50 at 2.

This objection is **OVERRULED** because the Magistrate Judge correctly concluded Plaintiff lacks standing. Plaintiff's claim of monetary injury is just a claim of injury to his organization, the Daughters of Zion, and no amount of wordplay can paper over that fact; he alleges, at best, that if the Organization had been awarded the contract it would have received money, some of which it would have paid to him as additional "executive compensation." Doc. 2 at 2, 6-7. This argument is akin to—indeed, identical to—an owner or executive of a business suing a defendant for breaching a contract with the business and thereby depriving it of money which might indirectly have flowed to the plaintiff.

> "It is universal that where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone, and not its stockholders (few or many), officers, directors, creditors or licensors, who had a right to recovery, even though in an economic sense real harm may well be sustained as the impact of such wrongful acts bring about reduced earnings, lower salaries, bonuses, injury to general business representation, or diminution in the value of ownership."

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 602 (6th Cir. 1988) (holding plaintiff lacked standing on that basis). And Plaintiff cannot get around that rule with cursory and implausible assertions that the Organization's failure to obtain an award caused him distress or reputational harm; otherwise, the rule would be entirely toothless because anyone associated with an unsuccessful business or organization could likewise claim distress or reputational harm. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (To survive a motion to dismiss, a complaint must contain sufficient *factual matter*, accepted as true, to "state a claim to relief that

is plausible on its face. … Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.”).

**2.** Plaintiff next objects that the Magistrate Judge did not “analyze Plaintiff’s allegation that he was the personal target of governmental retaliation”—i.e., that Defendant hurt the Daughters of Zion by rejecting its bid in order to get Plaintiff. Doc. 50 at 4. This objection is **OVERRULED** for two independently sufficient reasons. First, Plaintiff made only passing, conclusory references to this theory in his complaint, meaning he fell short of the pleading standard even if one accepts the viability of this Article III theory. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Second, the theory of Article III standing fails. By his own admission, Plaintiff cites no authority supporting this theory, which seeks to impermissibly substitute a motive—to retaliate—for a constitutionally cognizable injury. Standing is personal, not transitive, and a litigant may not assert someone else’s injury as his own, even assuming dislike of the uninjured plaintiff purportedly motivated the defendant to inflict injury on that someone else. *See Raines v. Byrd*, 521 U.S. 811, 818, (1997) (“To meet the standing requirements of Article III, ‘[a] plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.”)

**3.** In his third objection, Plaintiff contends that the Magistrate Judge erroneously deemed his asserted injuries to be conclusory at the pleading stage. Doc. 50 at 6. It appears Plaintiff means to argue it is improper for a court to consider whether claims are conclusory at the pleading stage. This argument fails because it is inconsistent with the pleading standard, which deems conclusory allegations insufficient and thus requires courts to consider whether allegations are conclusory. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). And to the extent Plaintiff merely means to object to the Magistrate Judge’s conclusion that *his* asserted injuries were pled in a

conclusory manner, a review of the record and governing case law confirms that the Magistrate Judge reached the correct result on this issue, as already discussed. This Objection is **OVERRULED**.

**4.** In his final objection, Plaintiff asserts: "The Reports own recognition of factual disputes concerning injunctive relief supports de novo review rather than dismissal without reaching Plaintiff's personal-injury theory." Doc. 50 at 6. As framed by Plaintiff, this objection is premised on some sort of internal inconsistency in the Report and Recommendation—i.e., that it recognizes factual disputes in addressing injunctive relief that it purportedly ignores in addressing standing. The argument fails because the premise is false; Magistrate Judge Christoff did not acknowledge any factual disputes concerning injunctive relief, and certainly none relevant to the issue of standing. This objection otherwise merely rehashes the arguments made in Plaintiff's other objections. It is **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** the Report and Recommendation. Doc 49. Defendant's Motion to Dismiss (Doc. 32) is **GRANTED.** Entry of judgment will follow.

**IT IS SO ORDERED**, this 10th day of September, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE